IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

DEBORAH A. EVANS,                           Case No.: 3:06cv547/MCR/EMT
    Appellant/Debtor.                      Bankruptcy Case: 06-30630-LMK

## O R D E R

This cause comes on for consideration upon the magistrate judge's report and recommendation dated January 11, 2007.  (Doc. 5).  The appellant has filed an objection to the report and recommendation as provided by Title 28, United States Code, Section 636(b)(1).  (Doc. 6).  Upon de novo review, the court concludes that this matter shall be recommitted to the magistrate judge for further consideration.

Appellant filed an appeal from the bankruptcy judge's dismissal of her case.  (Doc. 2-3).  The magistrate judge recommends that appellant's appeal be dismissed for failure to file a designation of the record on appeal as required by Bankruptcy Rule 8006 and failure to pay the required filing fee within twenty days.  Appellant argues in her objection that her case should not be dismissed.  According to appellant, her previous appeal was premature because the bankruptcy judge's order dismissing her case was not a final judgment and thus was unappealable.  Appellant asserts that the bankruptcy court has since entered judgment dismissing her case and thus the district court now has the authority to consider her appeal.  Appellant also includes with her objection an amended notice of appeal, a request to designate the entire bankruptcy record for her appeal, and a request to proceed on appeal in forma pauperis.

As to the magistrate judge's recommendation that appellant's case be dismissed for failure to designate the record on appeal, Bankruptcy Rule 8006 requires appellants "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal" within ten (10) days of filing a notice of appeal.  Fed. R. Bankr. P. 8006.  In this case, appellant filed her notice of appeal on November 20, 2006 (doc. 2-3)

and thus under Rule 8006 was required to designate the record by November 30, 2006. Appellant failed to comply with this procedural requirement.  (Doc. 2-1).[1]

Appellant's appeal, however, should not be summarily dismissed for this procedural violation.  See In re CPDC Inc., 221 F.3d 693, 698-99 (5th Cir. 2000) (citing In re Tampa Chain Co., Inc., 835 F.2d 54, 55 (2d Cir. 1987) (per curiam)); see also In re Beverly Manufacturing Corp., 778 F.2d 666, 667 (11th Cir. 1985) (finding that routine dismissal for failure to timely file briefs pursuant to Bankruptcy Rule 8009 is inappropriate).  Rather, the penalty for failing to comply with a procedural rule on appeal should be determined pursuant to Bankruptcy Rule 8001(a).  See English-Speaking Union v. Johnson, 353 F.3d 1013, 1020-21 (D.C. Cir. 2004).  This rule states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal."  Fed. R. Bankr. P. 8001(a).

In determining an appropriate penalty under Rule 8001(a), district courts should normally "provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct."  English Speaking Union, 353 F.3d at 1022. .  Courts should then determine an appropriate sanction based on the factual circumstances before them and "explain[] why it is in the interest of justice to dismiss rather than to proceed to the merits."  English-Speaking Union, 353 F.3d at 1022.  Such consideration allows courts to "achieve the proper balance between trying cases on the merits and managing their dockets efficiently."  Id.  In making this determination, courts have identified a number of factors that are potentially pertinent based on the factual circumstances of the case to assist judges in determining whether dismissal is appropriate under Rule 8001(a).  Dismissal is

---

[1] Appellant argues that this court did not obtain jurisdiction to consider her appeal until the bankruptcy court entered a final judgment dismissing her case, which did not occur until January 12, 2007. (Doc. 6). The court disagrees and finds that the bankruptcy judge's order of November 8, 2006 (doc. 2-2) dismissing appellant's case was a final, appealable decision under 28 U.S.C. § 158(a)(1).  See In re Salem, 465 F.3d 767, 773 (7th Cir. 2006) (holding that a bankruptcy court's order dismissing a case was a final action that triggered the right to appeal); In re Bentley, 266 B.R. 229, 234 (1st Cir. BAP 2001) (holding that an order dismissing a case was final as it did not contemplate any further proceedings).  In this case, the bankruptcy judge's order stated that it was "ORDERED AND ADJUDGED" that "this case is DISMISSED."  This language makes clear the bankruptcy judge's intent to fully adjudicate the matter and that nothing remained for the bankruptcy judge to consider after entering his order.

3:06cv547/MCR/EMT

appropriate in this circuit where there is a showing of bad faith, negligence, or indifference. In re Beverly Manufacturing, 778 F.2d at 667 (citing In re Winner Corp., 632 F.2d 658 (6th Cir. 1980)). Further, "[d]ismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." Id. (citing In re Cesar Quevedo, 35 F.R. 117 (Bkrtcy.D.P.R. 1983)); see also In re CPDC, 221 F.3d at 701 (concluding that as there was no evidence of prejudice or "obstinately dilatory conduct" and the purpose of Rule 8006 had been satisfied, that dismissal was not justified); In re Comer, 716 F.2d 168, 177 (3d Cir. 1983). Courts should also "consider whether a lesser sanction would be appropriate." In re Harris, 464 F.3d 263, 272 (2d Cir. 2006); see also In re Fitzsimmons, 920 F.2d 1468, 1474 (9th Cir. 1989) (directing district courts to consider alternative sanctions and relative fault of the client and attorney, unless egregious circumstances exist, as well as the existence of bad faith); In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995). The magistrate judge's recommendation that appellant's case be dismissed did not include a consideration of these factors. Thus the court recommits the matter to the magistrate judge with instruction to consider these factors in conjunction with the court's concern for effective management of its docket and its desire to judge cases on their merits.

As to the magistrate judge's recommendation that appellant's case be dismissed for failure to pay the required filing fee, while the bankruptcy judge in this case denied appellant's request to proceed in forma pauperis, (doc. 2-6), no determination has been made by this court. Thus, the court directs the magistrate judge to make an independent determination as to appellant's request to proceed on appeal in forma pauperis.[2] The

---

[2] A conflict exists among the federal circuits and among the district and bankruptcy courts of this circuit as to whether a bankruptcy court is considered a "court of the United States" under 28 U.S.C. § 1915, which would permit bankruptcy judges to determine whether an appellant may proceed in forma pauperis pursuant to that statute. See In re Brooks, 175 B.R. 409, 411-13 (Bkrtcy.S.D.Ala. 1994); In re Del Rio, 260 B.R. 314 (Bkrtcy.S.D.Ga. 2001), report and recommendation rejected on other grounds, In re Del Rio, 2001 WL 34094074 (S.D.Ga. 2001) (unreported). Until the Eleventh Circuit or the Supreme Court answers this question, the court believes that bankruptcy courts should make recommendations on requests to proceed in forma pauperis, rather than rulings. See In re Del Rio, 2001 WL 34094074, *1. The court thus will consider the bankruptcy court's order as a recommendation that this court not grant appellant's request to proceed in forma pauperis.

magistrate judge should either grant appellant's request to proceed <u>in forma pauperis</u> or establish a time certain within which appellant must pay the appropriate filing fee.

    Accordingly, it is hereby ORDERED:

1. The magistrate judge shall determine appellant's reason for failing to timely designate the record on appeal.  Considering the reason, the magistrate judge shall recommend an appropriate penalty under Bankruptcy Rule 8001(a).

2. The magistrate judge shall consider appellant's motion to proceed in forma pauperis and either grant the motion or set a time certain within which the appellant must pay the appropriate filing fee.

    **DONE and ORDERED**  this 30th day of April, 2007.


          *s/ M. Casey Rodgers*
    **M. CASEY RODGERS**
    **UNITED STATES DISTRICT JUDGE**