IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

DEBORAH A. EVANS,                             Case No.:  3:06cv547/MCR/EMT
   Appellant/Debtor.                        Bankruptcy Case:  06-30630-LMK

_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court upon remand from the district court for the following matters: (1) determination of Appellant's reason for failing to timely designate the record on appeal and a recommendation of an appropriate penalty for Appellant's failure, and (2) consideration of Appellant's motion to proceed in forma pauperis on appeal and issuance of an order either granting the motion or setting a time certain within which Appellant must pay the filing fee (*see* Doc. 7).

In the bankruptcy court, Appellant filed a notice of appeal and a motion to proceed in forma pauperis on appeal.  In re Deborah A. Evans, 06-30630-LMK, Docs. 23, 26, 27.  The bankruptcy court denied in forma pauperis status, certifying that the appeal was not taken in good faith.  *Id.*, Doc. 29.  Appellant has now filed a motion for leave to proceed in forma pauperis on appeal in this court (*see* Doc. 6).  Because the undersigned concludes that the appeal is frivolous, the motion shall be granted for the limited purpose of dismissal of this action.

Appellant argues on appeal that the bankruptcy court erred by dismissing her bankruptcy case on November 8, 2006, on the ground that she did not receive pre-petition credit counseling and did not qualify for a temporary waiver of that requirement, because she filed a notice of voluntary dismissal on October 25, 2006.  In re Deborah A. Evans, 06-30630-LMK, Doc. 26.  Appellant additionally appeals an "order" from the bankruptcy court dated November 17, 20026, informing her that dismissal of her case did not relieve her of the court-imposed obligation to pay the remaining balance of the filing fee in the amount of $150.00.  *Id.*

Because Appellant is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the appeal is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  An appeal is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  *See* Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  *See* Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

Appellant argues that because she filed a notice of voluntary dismissal of her bankruptcy case on October 25, 2006, the bankruptcy court did not have authority to dismiss her case for failure to comply with the pre-petition credit counseling requirement.  Rule 1017 of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that a case shall not be dismissed on request of the petitioner before a hearing on notice as provided in Rule 2002.  Fed. R. Bankr. P. 1017(a). Therefore, although Appellant filed her notice of voluntary dismissal on October 25, 2006, the case was not dismissed until a hearing was held.  A Notice of Hearing and Amended Notice on Appellant's notice of dismissal were issued on October 26, 2006, and October 27, 2006, respectively.  In re Deborah A. Evans, 06-30630-LMK, Docs. 17, 18. The amended notice scheduled a hearing on Appellant's notice of voluntary dismissal for November 30, 2006.  *Id.*, Doc. 18.  On October 3, 2006, prior to Appellant's filing the notice of voluntary dismissal, Appellant filed a motion to extend time to comply with the credit counseling requirement.  *Id.*, Doc. 6.  A Notice of Hearing on that motion was issued on October 5, 2006, setting the hearing for October 26, 2006. *Id.*, Doc. 9.  At that hearing, the bankruptcy court determined that Appellant did not receive pre-petition credit counseling, and she did not qualify for a temporary waiver; therefore, the court dismissed the case pursuant to 11 U.S.C. § 109(h).  *Id.*, Doc. 16.  The order dismissing the case was

Case No. 3:06cv547/MCR/EMT

entered on November 8, 2006. *Id.*, Doc. 21. Because Appellant's notice of voluntary dismissal did not effect the dismissal of her case until a hearing was held on her notice, and because the case was properly before the bankruptcy court on another dispositive matter, the court was not precluded from disposing of the case prior to the hearing on Appellant's notice of voluntary dismissal.

Additionally, there is no legal basis for Appellant's appeal of the "order" informing her that dismissal of her case did not relieve her of the court-imposed obligation to pay the remaining balance of the filing fee in the amount of $150.00. The "order" to which Appellant refers was not an order of the bankruptcy court but a letter from Donna Faircloth, the Financial Administrator for the bankruptcy court, informing Appellant that she was still obligated to pay the filing fees as directed by the bankruptcy court on October 4, 2006. *See* In re Deborah A. Evans, 06-30630-LMK, Docs. 26, 8. Because the letter from the financial administrator is not a judgment, order, or decree of the bankruptcy court, the district court has no jurisdiction to hear this issue on appeal. *See* 28 U.S.C. § 158(a).

For the aforementioned reasons, Appellant's appeal lacks an arguable legal basis; therefore, this appeal should be dismissed as frivolous.[1]

Accordingly, it is **ORDERED**:

Appellant's motion to proceed in forma pauperis on appeal (*see* Doc. 6) is **GRANTED** for the limited purpose of dismissal of this appeal.

And it is respectfully **RECOMMENDED**:

That this appeal be **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] In light of the undersigned's recommendation that this appeal be dismissed, the issue of an appropriate penalty for Appellant's failure to timely designate the record on appeal is moot.

Case No. 3:06cv547/MCR/EMT

At Pensacola, Florida this 9<u>th</u> day of May 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**